UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROSEMARY WEST-BOWLSON,<br><br>Plaintiff,<br><br>v.<br><br>SUN WEST MORTGAGE<br>COMPANY, INC.,<br><br>Defendant. | Case No. 23-12105<br>Honorable Terrence G. Berg<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING EMERGENCY TREATMENT OF
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
AND/OR TEMPORARY RESTRAINING ORDER
(ECF NO. 18)**

Plaintiff Rosemary West-Bowlson sues Sun West Mortgage Company, Inc., alleging that Sun West has no valid title or security interest in her home.  ECF No. 1.  She claims that she in good faith deemed her July 19, 2023 mortgage payment her full and final payment in satisfaction of her mortgage obligation for her home in Farmington Hills, Michigan.  *See* ECF No. 18, PageID.237.  Sun West disagrees, and it sent West-Bowlson a "Notice of Default and Intent to Foreclosure" in November 2023.  ECF No. 10, PageID.77.  On January 30, 2024, Sun West advertised a foreclosure

by sale of the home to take place on February 27, 2024.  ECF No. 18, PageID.246.

Five days before the scheduled foreclosure by sale, West-Bowlson filed an emergency motion for preliminary injunction and/or temporary restraining order to stop the foreclosure.  ECF No. 18.  But because she moved for injunctive relief too late, the Court will not give her motion emergency treatment or recommend that the foreclosure be stayed.  "A court considering a stay must apply a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Ramirez v. Collier*, 595 U.S. 411, 434 (2022) (cleaned up).  It is a "well-worn principle[ ] of equity" that a party cannot sleep on her rights.  *Id*., 434-35.  West-Bowlson should have moved for injunctive relief in November 2023 or, at the latest, immediately after the January 2023 notice of the foreclosure by sale.

And it is simply too late to decide West-Bowlson's motion before the February 27 foreclosure.  Before West-Bowlson's motion could be granted, this Court would need to order Sun West to respond to the motion, hold a hearing, and then prepare a report and recommendation (R&R) to the Honorable Terrence G. Berg.  *See* 28 U.S.C. § 636(b)(1)(B) (requiring

2

magistrate judges issue R&Rs for dispositive motions); *Ahneman v. Fed. Express Corp.*, No. 216CV02422JTFTMP, 2017 WL 623653, at *1 (W.D. Tenn. Feb. 15, 2017) (noting that a motion for injunctive relief is a dispositive matter). Sun West would then have a right to object to the R&R, and Judge Berg would need to address those objections. Completing all these procedures in the next business day is not feasible.

The Court will thus not accord West-Bowlson's motion emergency treatment. Sun West's response and West-Bowlson's reply (if any) must be filed within the periods outlined in Local Rule 7.1(e).

**IT IS ORDERED.**

|  |  |
|---|---|
| | s/Elizabeth A. Stafford |
| | ELIZABETH A. STAFFORD |
| Dated: February 23, 2024 | United States Magistrate Judge |

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2024.

<div style="margin-left: 50%;">

s/Kristen Castaneda
KRISTEN CASTANEDA
Case Manager on behalf of
Marlena Williams

</div>