UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSEMARY WEST-BOWLSON,

Plaintiff,

v.

SUN WEST MORTGAGE
COMPANY, INC.,

Defendant.

Case No. 23-cv-12105
Honorable Terrence G. Berg
Magistrate Judge Elizabeth A. Stafford

## ORDER FOR PARTIES TO ADDRESS
## STATUS OF PLAINTIFF'S CLAIMS

Plaintiff Rosemary West-Bowlson sues Defendant Sun West Mortgage Company, Inc., regarding its servicing of her mortgage loan. ECF No. 10. In its report and recommendation, which the Honorable Terrence G. Berg adopted, the Court found that West-Bowlson's only viable claim is that Sun West violated Regulation X, 12 C.F.R. § 1024.36(d), by failing to respond adequately to her June and July 2023 qualified written requests. ECF No. 26, PageID.456; ECF No. 28. Specifically, Sun-West provided no information about a pooling and servicing agreement (PSA) or its endorsement of the mortgage to Deutsche Bank. *Id.*, PageID.455-456.

The Court scheduled a status conference for October 3, 2024, but West-Bowlson did not appear and later called to state that she was unwell and had not received notice of the conference.  Notice of the status conference was filed on the docket (ECF No. 30), and West-Bowlson has an affirmative duty to monitor the docket.  *See Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012).  But the Court will outline below the issues it planned to raise at the status conference.

Because the remedy for violating Regulation X is limited, *see* 12 U.S.C. § 2605(f), the Court is uncertain how this case should proceed. Thus, the parties must file memoranda proposing a plan for how the case should be resolved.  In her memorandum, West-Bowlson must also explain what relief she seeks and her legal entitlement to that relief.  And Sun West must address in its memorandum why it should not be ordered to produce the PSA to West-Bowlson.  These memoranda must be filed by **October 24, 2024**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: October 3, 2024

2

## <u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 3, 2024.

s/Davon Allen
Davon Allen
Case Manager
