UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROSEMARY WEST-BOWLSON, | Case No. 23-cv-12105 |
| Plaintiff, | Honorable Terrence G. Berg |
| | Magistrate Judge Elizabeth A. Stafford |
| v. | |
| SUN WEST MORTGAGE COMPANY, INC., | |
| Defendant. | |

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 41)

### I.    Introduction

Plaintiff Rosemary West-Bowlson brings this action against Defendant Sun West Mortgage Company, Inc., for allegedly failing to respond to inquiries about her mortgage as required under the Real Estate Settlement Procedures Act of 1974 (RESPA), 12 U.S.C. § 2601 *et seq*., and its implementing regulation, "Regulation X," 12 C.F.R. § 1024.36(d). ECF No. 10.  The Honorable Terrence G. Berg referred the case to the undersigned for all pretrial proceedings under 28 U.S.C. § 636(b).  ECF No. 14.  Sun West moves for summary judgment.  ECF No. 41.  The Court **RECOMMENDS** that the motion be **GRANTED**.

## II.     Background

In December 2020, West-Bowlson and Sun West entered a mortgage loan agreement for $336,792.00, secured by real property located in Farmington Hills, Michigan.  ECF No. 41-2, PageID.622-640.  Sun West is the original lender and current servicer of the mortgage.  *Id.*, PageID.617. The mortgage was originally granted to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Sun West.  *Id.*, PageID.617, 627-629.  But in December 2023, MERS assigned the mortgage to Sun West. ECF No. 41-3.

In June 2023,[1] West-Bowlson sent Sun West a qualified written request (QWR) seeking information about her mortgage loan, including the location of the original mortgage note, the first 20 pages of a pooling and servicing agreement (PSA), and documentation of a transfer of the loan to a trust.  ECF No. 10, PageID.52-53.  In Sun West's response, it provided some of the requested information and stated that the original note was located at Deutsche Bank and Santa Ana, California.  *Id.*, PageID.57-59. But it said that it was not required to provide information about the PSA or transfer to a trust.  *Id.*

---

[1] Although the letter is dated March 2023, West-Bowlson alleges that she sent it in June 2023.  *See* ECF No. 10, PageID.38, 52.

In July 2023, West-Bowlson sent Sun West a second QWR, claiming that the earlier response was deficient and requesting the PSA, documentation of a transfer to a trust, and proof of endorsement to Deutsche Bank.  *Id.*, PageID.61-62.  Sun West responded with objections to West-Bowlson's requests.  *Id.*, PageID.64-66.

West-Bowlson then sent Sun West a letter disputing the entire debt and requesting copies of the original mortgage agreement, validation and verification of the debt, and the name and address of the original creditor. *Id.*, PageID.68-69.  Along with the letter, West-Bowlson sent a check for $2,375.75 indicating that it was "full and final payment in accord and satisfaction" of her account.  *Id.*, PageID.71.  West-Bowlson made no further payments on her mortgage and faced foreclosure, but she later reinstated it and is now making payments.  *Id.*, PageID.77; ECF No. 25, PageID.445 n.3; ECF No. 41-4, PageID.653.

West-Bowlson's sole remaining claim asserts that Sun West violated RESPA and Regulation X by failing adequately to respond to the June and July 2023 QWRs about the PSA, transfer to a trust, and endorsement to Deutsche Bank.  ECF No. 26, PageID.455-456.  Sun West seeks summary judgment on this claim.

3

## III.   Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial.  *Id.* at 324.  The Court must view the factual evidence in the light most favorable to the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The opposing party "may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact but must make an

4

affirmative showing with proper evidence in order to defeat the motion."
*Alexander v. Caresource*, 576 F.3d 551, 558 (6th Cir. 2009) (cleaned up).
"[T]he failure to present any evidence to counter a well-supported motion
for summary judgment alone is grounds for granting the motion." *Id.*
(cleaned up).  "Conclusory statements unadorned with supporting facts are
insufficient to establish a factual dispute that will defeat summary
judgment." *Id.* at 560.

## B.

Sun West argues that summary judgment is warranted because
West-Bowlson cannot show any damages.  ECF No. 41, PageID.608-612.
The Court agrees.

RESPA and Regulation X authorize recovery for "actual damages to
the borrower as a result of" the violations, statutory damages "in the case of
a pattern or practice of noncompliance," and attorney's fees and costs.  12
U.S.C. § 2605(f)(1), (3); 12 C.F.R. § 1024.  "Recovery under RESPA
requires more than establishing a violation," and plaintiffs "must suffer
actual, demonstrable damages" that occurred "as a result of that specific
violation." *Eichholz v. Wells Fargo Bank, NA*, No. 10-cv-13622, 2011 WL
5375375, at *5 (E.D. Mich. Nov. 7, 2011) (cleaned up).  Put differently,

5

West-Bowlson must prove damages that are causally related to the RESPA violations.  *Id.*

West-Bowlson's claimed damages include possible debt liability to MERS and Deutsche Bank on top of the debt to Sun West.  ECF No. 41-4, PageID.658; ECF No. 42, PageID.680-681, 684.  This alleged harm is speculative and unsupported by any evidence.  MERS was the original mortgagee as nominee for Sun West, but it assigned the mortgage to Sun West in December 2023.  ECF No. 41-2, PageID.617, 627-629; ECF No. 41-3.  And although Deutsche Bank has physical possession of the original mortgage note, it merely serves as a document custodian for Sun West.  ECF No. 41-2, PageID.617-618; ECF No. 41-6.  West-Bowlson has not shown that MERS or Deutsche Bank currently holds an ownership interest in the loan entitling them to collect the debt.[2]

---

[2] West-Bowlson appears to argue that physical possession of the mortgage note would alone entitle Deutsche Bank to enforce it.  ECF No. 42, PageID.685-687.  Not so.  Persons entitled to enforce an instrument include: (1) the holder of the instrument, (2) a nonholder in possession of the instrument who has the rights of a holder, or (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Mich. Comp. Laws §§ 440.3309 or 440.3418(4).  Mich. Comp. Laws § 440.3301.  Deutsche Bank is not a "holder," as the loan is payable to Sun West, not Deutsche Bank or the bearer of the note.  *See id.* § 440.1201(2)(u)(*i*).  Nor has West-Bowlson shown that Deutsche Bank is a nonholder with the rights of a holder, as no evidence shows that Sun West assigned the loan to Deutsche Bank.  *See EA Mgmt. v. JP Morgan Chase*

West-Bowlson admits that no entity other than Sun West has ever demanded mortgage payments from her or threatened foreclosure.  ECF No. 41-4, PageID.657, 659-660.  She has made payments only to Sun West, and Sun West has never directed her to make payments to another entity.  *Id.*, PageID.653-654, 659.  West-Bowlson admittedly has no evidence that the loan has been assigned or that another entity can enforce the mortgage.  *Id.*  Sun West advised West-Bowlson that it is the current owner and servicer of her loan; it never stated that her loan had been transferred to a trust.  *Id.*, PageID.656; ECF No. 41-5, PageID.674

Nor does a PSA exist.  ECF No. 41-2, PageID.619; ECF No. 41-6. West-Bowlson's mortgage loan is federally insured by the Federal Housing Administration (FHA), with the Government National Mortgage Association ("Ginnie Mae") serving as the guarantor of the loan collateral.  ECF No. 41-2, PageID.618.  PSAs "are commonly utilized by lenders to govern the *private* securitization (sale/transfer) of pools or mortgage loans to trusts." *Id.*, PageID.619 (emphasis in original).  But they are not used for FHA loans.  *Id.*  Thus, West-Bowlson has shown no legitimate basis for

---

*Bank*, No. 07-11629, 2008 WL 4534173, at *5 (E.D. Mich. Oct. 6, 2008). Last, Deutsche Bank has no right to enforce the loan under Mich. Comp. Laws §§ 440.3309 (governing lost, destroyed, or stolen instruments) or 440.3418(4) (cashier's check that was mistakenly paid to another).

questioning whether she is making mortgage payments to the correct entity.

West-Bowlson also claims that she suffered damages including a decreased credit score and denial of a home equity line of credit.  ECF No. 41-4, PageID.658-659.  Yet she fails to show a causal connection between these financial harms and the alleged RESPA violations.  Even if Sun West failed to respond appropriately to West-Bowlson's QWRs, that failure did not cause West-Bowlson's decreased credit score or denial of a loan.  Rather, those harms were consequences of her decision to stop making mortgage payments.  *See Billings v. Seterus*, 170 F. Supp. 3d 1011, 1017 (W.D. Mich. Mar. 17, 2016) (holding that a foreclosure and other financial damages were caused by the plaintiff's failure to make mortgage payments and not the lender's alleged RESPA violations) (collecting cases).

And West-Bowlson fails to support her damage claims stemming from alleged emotional distress and legal fees.  *See* ECF No. 41-4, PageID.658-659.  Although the Sixth Circuit has held that actual damages under RESPA may include emotional distress, a plaintiff may not rely on a "threadbare claim for 'emotional damages' without any detail as to the symptoms or severity of the emotional distress or how Defendant allegedly caused these damages."  *Austerberry v. Wells Fargo*, No. 15-cv-13297,

8

2015 WL 8031857, at *7 (E.D. Mich. Dec. 7, 2015).  West-Bowlson's vague

statements about sleepless nights and stress do not meet this burden.  *See*

*id.* (collecting cases); ECF No. 41-4, PageID.658.  Nor has West-Bowlson

submitted documentation of her claimed $12,200 in legal fees.  *See* ECF

No. 42, PageID.689.  Because she is proceeding pro se, she may not

recover attorney's fees.  *See Correa v. BAC Home Loans Servicing LP*, No.

6:11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *8 (M.D. Fla. Apr. 9, 2012).

Last, West-Bowlson seeks statutory damages.  ECF No. 42,

PageID.689.  But because she offers no evidence of "a pattern or practice

of [RESPA] noncompliance," this claim should also be dismissed.  *See* 12

U.S.C. § 2605(f)(1).

## IV.    Conclusion

Thus, the Court **RECOMMENDS** that Sun West's motion for

summary judgment be **GRANTED** (ECF No. 41).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 29, 2025

9

## <u>NOTICE TO THE PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 29, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager
